IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KIMBERLY HENLY, On behalf of herself
And all others similarly situated                                                                 Plaintiff

Vs                                                                       Case No:  1:19-cv-544-HSO-JCG

BILOXI H.M.A., LLC, a Mississippi Limited
Liability Company d/b/a MERIT HEALTH BILOXI;
COMMUNITY HEALTH SYSTEMS, INC., a Delaware
Corporation; and JOHN AND JANE DOES 1 through
25, inclusive                                                                                                Defendants

CLASS ACTION
COMPLAINT FOR DECLARATORY JUDGMENT (28 U.S.C. § 2201)
(Jury Trial Demanded)

Now comes the Plaintiff, complaining of Defendants, and alleges and says:

I.   INTRODUCTION

1.  Plaintiff Kimberly Henly ("Plaintiff") brings this Complaint against Biloxi H.M.A., LLC, and Community Health Systems, Inc. (collectively, "Defendants"), challenging Defendants' unfair, deceptive, and unlawful practice of charging their emergency care patients a substantial, unreasonable, and undisclosed emergency room fee (hereinafter "Surcharge") which is billed on top of the charges for the individual items of treatment and services provided.1  This Surcharge is essentially a "cover charge" or "surcharge" that is assessed for being seen in one of Merit Health hospital's emergency rooms, and purportedly covers the "overhead expenses"

---

[1]The internal charge code that Defendants use when billing this Surcharge, which it not shown on their summary billing statements as a separate charge, is set at one of five levels, depending on the level of medical services provided, and is internally designated with a CPT Code of 99281, 99282, 99283, 99284, or 99285. ("CPT" Code stands for "Current Procedural Terminology" Code, as established by the American Medical Association)

incurred by the hospital in operating the emergency room facility. If this charge was properly disclosed to emergency room patients in advance of treatment, this Surcharge would be a substantial factor in a patient's decision to remain for treatment at Defendants' emergency room facilities, or seek less costly treatment elsewhere. Under Mississippi law, Defendants have a "duty to disclose" this Surcharge prior to rendering treatment triggering such charge, but deceptively hide and conceal the charge from unsuspecting emergency room patients.

2. Using the brand name "Merit Health," Defendant Community Health Systems, Inc., operates approximately eight hospital emergency rooms in Mississippi.[2] This complaint applies to patients who received treatment at any one of these emergency rooms and who were billed a Surcharge for their emergency room visit identified with a CPT Code of 99281, 99282, 99283, 99284, or 99285.

## THE PARTIES

3. Plaintiff Kimberly Henly is a resident of Mississippi who was treated at Defendants' emergency room at Merit Health Biloxi ("Hospital") in Harrison County, Mississippi, and was billed a Surcharge.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant Biloxi H.M.A., LLC, is a Mississippi limited liability company, doing business as Merit Health Biloxi, which owns, operates and/or provides management and billing

---

[2] As of this filing, Plaintiff is informed and believes and thereon alleges that Community Health Systems, Inc., operates the following hospitals with emergency rooms in Mississippi, all of which are included in this case: Merit Health Biloxi, Merit Health Central, Merit Health Madison, Merit Health Natchez, Merit Health Rankin, Merit Health River Oaks, Merit Health River Region and Merit Health Wesley.

services for Hospital. On information and belief, the sole member of Biloxi H.M.A., LLC is Health Management Associates, Inc., a Delaware corporation.[3]

5. Plaintiff is informed and believes, and thereon alleges, that Defendant Community Health Systems, Inc., is a Delaware corporation with its principal place of business in Franklin, Tennessee. Plaintiff is informed and believes, and thereon alleges, that Defendant Community Health Systems, Inc., owns, operates, and/or provides management and billing services for at least eight Merit Health hospitals in Mississippi, including Merit Health Biloxi.

6. The true names and capacities of Defendants Does 1 through 25, inclusive, are unknown to Plaintiff and, therefore, they are sued by such fictitious names. Plaintiff will seek leave of court to amend this complaint to allege the true names and capacities of the Doe Defendants when they have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each Doe Defendant is in some manner responsible and liable for the actions herein alleged.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendants. Defendants are based in Mississippi and operate hospital emergency rooms in this State. Venue is proper here because Biloxi H.M.A., LLC is located and does business in Harrison County, Mississippi, and because the acts and transactions giving rise to this complaint took place in Harrison County, Mississippi.

8. Federal Jurisdiction under 28 U.S.C. §1332 is applicable here because

---

[3] https://corp.sos.ms.gov/corpconv/portal/c/ExecuteWorkflow.aspx?workflowid=g12dbd558-fa5d-49a1-a869-ad8b9db198db&FilingId=be16cb50-de60-4f31-815c-7b1d73a0510f

Plaintiff is a citizen of and domiciled in Mississippi, a different state than the domicile of Defendant Community Health Services, Inc. (and also a different state than the domicile of the sole member of Biloxi H.M.A., LLC), and the value of the matter in controversy exceeds $5,000,000 as described more fully below.

## AGENCY ALLEGATIONS

9. Plaintiff is informed and believes, and thereon alleges, that in committing the acts alleged herein, each named Defendant is and was the agent of the other named Defendant and acted with the knowledge, consent, permission, cooperation and authorization of the other named Defendant.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant Community Health Systems, Inc., exercises control over its constituent hospitals by developing and controlling their internal policies relating to pricing, billing, and collection practices.

11. Plaintiff is informed and believes, and thereon alleges, that at Defendant Community Health Systems, Inc.'s direction and with its approval, each of the Merit Health hospitals in Mississippi represents itself as being part of Defendants' medical system.

12. At all relevant times, each and every individual Merit Health hospital included in this action was and is the agent of Defendants. In committing the acts alleged herein, each and every Merit Health hospital acted in the course and scope of its agency and was acting with the consent, permission, authorization, satisfaction and knowledge of Defendants, and perpetuated and/or aided and

abetted the wrongdoings described herein. Plaintiff is informed and believes, and thereon alleges, that all actions of each Merit Health hospital were ratified and approved by Defendants or their officers, directors, controlling persons, agents, partners, or joint venturers.

## GENERAL ALLEGATIONS

13. At all relevant times, Defendants had a practice of charging emergency room patients in Mississippi a hidden and undisclosed Surcharge set at one of five levels based on the patient's condition, in addition to the itemized charges for individual items of treatment or services provided to the patient. For example, for Merit Health Biloxi, the 2019 Surcharge amounts are as follows: "Basic" Level: $589.32; "Limited" Level: $1,323.39; "Intermediate" Level: $1,840.01; "Extensive" Level: $2,377.89; and "Major" Level: $3,567.89. These amounts are unreasonable.

14. Plaintiff is informed and believes and based thereon alleges that all of Defendants' hospitals included in this action likewise charged a Surcharge to their emergency room patients. Furthermore, according to Defendants' websites[4], over 155,000 patients visited the emergency departments of Merit Health's six hospitals in the Jackson/Vicksburg area in the year 2016 alone. Although these patients represent only a subset of the class members from only a single year, their Surcharges alone, even if they were all charged at only the lowest "Basic" level of over $500, would still amount to well over $75 million for a single year, and vastly

---

[4] See, for example, https://www.merithealthcentral.com/news-room/merit-health-jacksonvicksburgs-commitment-to-centr-11862 (accessed 7/2/2019).

exceed the jurisdictional minimum of $5,000,000.

15. Plaintiff is informed and believes and based thereon alleges that these substantial, unreasonable Surcharges are not based on the individual items of treatment or services provided to the patient. Rather, they are billed to emergency room patients simply for presenting and being seen at any one of Defendants' emergency rooms. Further, it is not visibly posted on signage in or around Defendants' emergency rooms, where a patient would at least have the opportunity of knowing of their existence, nor are they disclosed to patients verbally. Thus, Plaintiff is informed and believes and thereon alleges that Defendants failed to inform emergency care patients that they would be billed a substantial, unreasonable, undisclosed and unmentioned Surcharge which is billed on top of the charges for individual items of treatment furnished to the patient, and which, if known about prior to treatment, would be a substantial factor in a patient's, including Plaintiff's, decision to remain at the hospital and proceed with treatment.

16. Defendants bill this Surcharge in addition to their charges for the specific services and treatment provided, even though (a) this substantial, unreasonable Surcharge is not disclosed to patients in signage posted in or around their emergency rooms, or verbally to patients at the time of registration, (b) emergency care patients cannot reasonably be expected to be aware of this Surcharge, (c) Defendants are well aware that most emergency room patients are unaware of Defendants' intention to add a Surcharge to their bill, and (d) knowledge of the existence and amounts of this Surcharge would be a substantial factor in

influencing a reasonable patient's decision as to whether to remain and seek treatment at a Merit Health emergency room. The failure to disclose the Surcharge is particularly egregious in light of the fact that Defendants represent themselves as a caring community-based organization. Unlike a normal arms-length transaction between a buyer and seller, a patient seeking medical services at one of Defendants' emergency rooms places a great degree of trust and confidence on the good intentions of the hospital to treat him or her fairly and with compassion.

## THE REPRESENTATIVE PLAINTIFF'S CLAIMS

17. On or about May 19, 2018, Plaintiff received emergency treatment/services at Merit Health Biloxi. While there, Plaintiff received no notice or warning, either in posted signage in the emergency room or verbally at the time of registration, as to the substantial, unreasonable Surcharge that Defendants intended to add (and did add) to Plaintiff's bill on top of the individual charges for each item of treatment and services provided to her.

18. The gross amount (before discounts) subsequently billed for the treatment/services provided to Plaintiff by the Hospital was $17,752.47, which included a hidden Surcharge of $2,201.75. The Hospital subsequently allowed Plaintiff a 65% self-pay discount from her bill, which reduced the total to $6,213.36, including a discounted Surcharge of $770.61. This Surcharge was hidden in the following ways: (a) Defendants failed to disclose their intention to bill a Surcharge prior to treatment; and (b) subsequent to treatment, the itemized billing statement sent to Plaintiff included a charge for "ER DEPT EXTENSIV" in the amount of

$2,201.75, which, standing alone and without explanation, is totally meaningless to an emergency care patient and hides the fact that it is a Surcharge, since there is nothing in the description which even remotely identifies this charge as a Surcharge which is added on top of the charges for individual items of treatment and services.

19.  Plaintiff has made a series of payments to the hospital amounting to over $1,500, but the hospital continues to bill her for the balance of her account.

20.  Plaintiff was shocked when she found out that she had been charged a Surcharge in addition to all of the individual items of treatment and services as a result of merely being seen in the Hospital's emergency room.  Had Plaintiff been informed about the Surcharge prior to incurring treatment that would result in a Surcharge, Plaintiff would have left and sought less expensive treatment elsewhere.

## CLASS ACTION ALLEGATIONS

21.  Plaintiff brings this action on behalf of herself and a class of all other persons similarly situated, defined as follows:

> All individuals who, within the past three years, presented at a Merit Health hospital in Mississippi and were billed a facility fee identified with a CPT Code of 99281, 99282, 99283, 99284, or 99285. Excluded from the Class are any officers or directors of Defendants, together with the legal representatives, heirs, successors, or assigns of Defendants, and any judicial officer assigned to this matter and his or her immediate family.

22. Defendants have acted or refused to act on grounds generally applicable to all the members of the Class and have engaged in a system-wide policy of billing emergency care patients a substantial, unreasonable, and undisclosed Surcharge, thereby making final injunctive relief concerning the Class as a whole appropriate.

23. This action has been brought and may properly be maintained as a class action, satisfying the numerosity, commonality, predominance, typicality, adequacy of representation, and superiority requirements. Plaintiff seeks to represent an ascertainable Class with a well-defined community of interest in the questions of law and fact involved in this matter.

24. The members of the Class are so numerous that joinder of all members of the Class is impractical. Plaintiff is informed and believes, and thereon alleges, that the Class consists of at least 100,000 persons.

25. This action involves the question as to whether Defendants' uniform practice of billing emergency care patients for a substantial, unreasonable, and undisclosed Surcharge is unfair, deceptive, and/or unlawful. This question dominates over any individual issues that might exist.

26. The claims of Plaintiff are typical of the claims of the Class, and Plaintiff is a member of the Class as defined.

27. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff shares the same interests as all Class members because Plaintiff's claims are typical of those of other Class members. Plaintiff has retained competent class counsel who are experienced in class action litigation and who will

fairly and adequately protect the interests of the Class members.

28. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, since joinder of all Class members is impracticable and it would be virtually impossible for the Class members to efficiently redress their wrongs individually. Even if all Class members could afford such individual litigation themselves, the court system would benefit from a class action. Individualized litigation would present the potential for inconsistent or contradictory judgments. Individualized litigation would also magnify the delay and expense to all parties and the court system presented by the issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefit of comprehensive supervision by a single court, as well as economy of scale and expense.

### FIRST CAUSE OF ACTION
### For Declaratory Judgment
### (28 U.S.C. § 2201)

29. Plaintiff herein repeats, reiterates, and realleges each and every allegation contained in the preceding Paragraphs, with the same force and effect as though the same were set forth at length herein.

30. An actual controversy exists between Plaintiff and Hospital relating to their respective legal rights and duties. Specifically, Plaintiff contends that she had a right to know about Hospital's Surcharges and that Merit Health owes a duty to disclose the existence of and amounts of its Surcharges to emergency room patients. In sharp contrast, Plaintiff is informed and believes and thereon alleges that

Hospital claims it owes no duty to specifically disclose its Surcharges to emergency room patients.

31. Therefore, as expressly permitted under 28 U.S. Code section 2201, which allows a party to bring an original action to "declare the rights and other legal relations of any interested party seeking such declaration," Plaintiff and members of the Class are entitled to a declaration that they have a right to know about Defendants' Surcharges, and that Defendants owed Plaintiff and Class members a duty to disclose, in advance of providing treatment that would trigger a Surcharge, their intention to charge such a Surcharge.

32. This duty to disclose arises because of (1) the substantial nature of Defendants' Surcharge, (2) the relationship between Defendants and emergency room patients, (3) the hidden nature of Defendants' Surcharge, (4) the general lack of knowledge of emergency room patients as to such a Surcharge, (5) the lack of reasonable opportunity for an emergency room patient to find out about such a Surcharge, (6) Defendants' knowledge that emergency room patients are unaware of Defendants' intention to add a Surcharge to their bill, and (7) the fact that knowledge as to such a Surcharge would be a material factor in a patient's decision to remain at one of Defendants' emergency rooms in order to obtain treatment and services. Further, 28 U.S. Code section 2201 is remedial in nature and should be liberally construed.

33. The declaration sought above is necessary and appropriate, since Plaintiff and the Class have been impacted financially by Defendants' excessive

undisclosed Surcharge.  Even for those patients whose Surcharge has not yet been paid, they should not have to wait until collection efforts are under way, or their credit is ruined by negative credit entries, or lawsuits are instituted by Defendants, before obtaining a legal determination of their obligations with respect to Defendants' Surcharge.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendants and each of them:

1. For an order that this case should be certified as a class action, and appointing Plaintiff as the class representative and her counsel as Class Counsel;

2. For declaratory relief as set forth herein;

3. For injunctive relief to enjoin Defendants from continuing to engage in the wrongful conduct complained of herein;

4. For an order awarding Plaintiff the costs of her suit; and

5. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests trial by jury on all claims so triable.

Respectfully submitted, this the 27th day of August, 2019.

                                                        KIMBERLY HENLY, PLAINTIFF AND
                                                        CLASS REPRESENTATIVE,

By: *Christopher C. Van Cleave*
      CHRISTOPHER C. VAN CLEAVE
      (MSB#10796)
      RESIDENT / LOCAL COUNSEL

ATTORNEYS FOR THE PLAINTIFF:

**Pro Hac Vice Application Pending:**

Barry L. Kramer, California State Bar No. 61772
LAW OFFICES OF BARRY L. KRAMER
9550 S. Eastern Ave, Ste. 253
Las Vegas, NV 89123
Tel: (702) 778-6090
kramerlaw@aol.com

**Local / Resident Counsel:**

Christopher C. Van Cleave, Esquire
Van Cleave Law, PA
146 Porter Avenue
Biloxi, Mississippi 39530
Phone:  228-432-7826
Fax:    228-456-0998
christopher@vancleavelaw.com