**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**KIMBERLY HENLY, On behalf of herself
And all others similarly situated**                                             **PLAINTIFF**

**VS**                                                          **CAUSE NO. 1:19-CV-544-HSO-JCG**

**BILOXI H.M.A., LLC, a Mississippi Limited
Liability Company d/b/a MERIT HEALTH BILOXI;
COMMUNITY HEALTH SYSTEMS, INC., a Delaware
Corporation; and JOHN AND JANE DOES 1 through 25, inclusive**          **DEFENDANTS**

---

**DEFENDANT BILOXI H.M.A., LLC D/B/A MERIT HEALTH BILOXI'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) AND (6)**

## *Oral Argument Requested*

---

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... ii

I.      PRELIMINARY STATEMENT ..................................................................... 1

II.     LEGAL STANDARD ...................................................................................... 2

        A.      Rule 12(b)(1) ....................................................................................... 2

        B.      Rule 12(b)(6) ....................................................................................... 2

III.    STATEMENT OF FACTS ............................................................................... 3

        A.      Plaintiff's Emergency Room Visit. ..................................................... 3

        B.      Plaintiff's Proposed Class. ................................................................. 4

        C.      Plaintiff's Lone Cause of Action. ....................................................... 4

IV.     ARGUMENT ................................................................................................... 4

        A.      The Court Should Dismiss this Lawsuit under Federal Rule 12(b)(1) for Lack of
                Subject Matter Jurisdiction because there is no Case or Controversy for the Court
                to Resolve under Article Three. ........................................................... 4

                1.      Plaintiff seeks an advisory opinion, which this Court lacks authority to
                        grant. ........................................................................................ 5

                2.      Plaintiff lacks standing because she cannot establish the prerequisite
                        injury-in-fact. .......................................................................... 6

                3.      The relief Plaintiff seeks is Moot. ............................................ 8

        B.      The Court Should Dismiss this Lawsuit under Federal Rule 12(b)(6) because the
                Complaint Fails to State a Claim upon which Relief Can Be Granted. .................. 9

                1.      The Declaratory Judgment Act does not provide Plaintiff with a right of
                        action. ..................................................................................... 10

                2.      Plaintiff has no substantive right of action for a "duty to disclose," and to
                        the extent Plaintiff attempts to plead a tort claim, Plaintiff fails to state a
                        claim as a matter of law. ......................................................... 11

V.      CONCLUSION ............................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. Azar*,
370 F. Supp. 3d 302 (D. Conn. 2019) ........................................................................8

*Am. Soc. of Dermatology v. Shalala*,
962 F. Supp. 141 (D.D.C. 1996), aff'd, 116 F.3d 941 (D.C. Cir. 1997) ..................13

*Apple Inc. v. Psystar Corp.*,
658 F.3d 1150 (9th Cir. 2011) ................................................................................14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................2, 9

*Ass'n of N.J. Chiropractors v. Aetna, Inc.*,
No. 09-3761 (JAP), 2012 WL 1638166 (D.N.J. May 8, 2012) ...............................14

*Associated Gen. Contractors of Cal., Inc. v. Carpenters*,
459 U.S. 519 (1983) ..........................................................................................2, 10

*Atkinson v. Belser*,
273 S.C. 296, 255 S.E.2d 852 (1979) .....................................................................15

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ...............................................................................2, 3, 9, 10

*Caroline Power & Light Co. v. United States*,
115 Fed. Cl. 57 (2014) ............................................................................................5

*Chafin v. Chafin*,
568 U.S. 165 (2013) ........................................................................................4, 5, 8

*City of San Diego v. Monsanto Co.*,
--F. Supp. 3d --, 2018 WL 3818015 (D.C. Cal. Aug. 10, 2018) ..............................7

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013) .................................................................................................7

*Daniels v. Crocker*,
235 So. 3d 1 (Miss. 2017) ......................................................................................11

*Dura Pharms., Inc. v. Broudo*,
544 U.S. 336 (2005) ............................................................................................2, 3

*F.D.I.C. v. Hartford Acc. & Indem. Co.*,
    97 F.3d 1148 (8th Cir.1996) ...........................................................................15

*Flast v. Cohen*,
    392 U.S. 83 (1968) ...........................................................................................5

*In re Franchise Servs. of N. Am., Inc.*,
    891 F.3d 198 (5th Cir. 2018) ...........................................................................5

*Franklin Collection Serv., Inc. v. Kyle*,
    955 So. 2d 284 (Miss. 2007) ...........................................................................14

*General Motors Acceptance Corp. v. Baymon*,
    732 So.2d 262 (Miss. 1999) ...........................................................................12

*Harris Cty. Tex. V. MERSCORP Inc.*,
    791 F.3d 545 (5th Cir. 2015) .........................................................................10

*Hinojosa v. Livingston*,
    807 F.3d 657 (5th Cir. 2015) ...........................................................................9

*Holly Hill Lumber Co., Inc. v. McCoy*,
    201 S.C. 427, 23 S.E.2d 372 (1942) ...............................................................15

*Home Builders Ass'n of Miss., Inc. v. City of Madison*,
    143 F.3d 1006 (5th Cir. 1998) ..........................................................................2

*Hooper v. UnitedHealthcare Ins. Co.*,
    694 F. App'x 902 (4th Cir. 2017) ...................................................................14

*Kinney v. Catholic Diocese of Biloxi, Inc.*,
    142 So. 3d 407 (Miss. 2014) ...........................................................................16

*Koury v. Ready*,
    911 So. 2d 441 (Miss. 2005) ...............................................................11, 12, 15

*Levy-Tatum v. Navient Solutions, Inc.*,
    183 F. Supp. 3d 701 (E.D. Pa. 2016) .............................................................11

*Lewis v. Cont'l Bank Corp.*,
    494 U.S. 472 (1990) .......................................................................................5, 7

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014) ..........................................................................................6

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ..........................................................................................6

*McMullan v. Geosouthern Energy Corp.*,
    556 So. 2d 1033 (Miss. 1990) ......................................................................12

*Nat'l Family Planning & Reproductive Health Ass'n, Inc. v. Gonzales*,
    468 F.3d 826 (D.C. Cir. 2006) .......................................................................7

*Newport News Shipbuilding & Dry Dock Co. v. Loxley*,
    934 F.2d 511 (4th Cir. 1991) .......................................................................14

*Okpalobi v. Foster*,
    244 F.3d 405 (5th Cir. 2001) (en banc) ......................................................10

*Palmer v. Biloxi Regional Medical Center, Inc.*,
    564 So. 2d 1346 (Miss. 1990) ......................................................................11

*Pevsner v. Eastern Air Lines, Inc.*,
    493 F.2d 916 (5th Cir. 1974) .........................................................................7

*Public Serv. Comm'n of Utah v. Wycoff Co.*,
    344 U.S. 237 (1952) .....................................................................................10

*United States ex rel. Riedel v. Bos. Heart Diagnostics Corp.*,
    332 F. Supp. 3d 48 (D.D.C. 2018) ..............................................................14

*Roark & Hardee LP v. City of Austin*,
    522 F. 3d 533 (5th Cir. 2008) ........................................................................6

*Ryan v. Weiner*,
    610 A.2d 1377 (Del.Ch.1992) .....................................................................15

*Saucier v. Peoples Bank of Biloxi*,
    150 So. 3d 719 (Miss. Ct. App. 2014) ...............................................6, 11, 12

*Simon v. E. Ky. Welfare Rights Org.*,
    426 U.S. 26 (1976) .........................................................................................8

*Singh v. RadioShack Corp.*,
    882 F. 3d 137 (5th Cir. 2018) ........................................................................8

*Smith v. Catamaran Health Solutions, LLC*,
    205 F. Supp. 3d 699 (D.S.C. 2016) .............................................................15

*Smitherman v. Bayview Loan Serv., LLC*,
    727 F. App'x 787 (5th Cir. 2018) ..........................................................10, 11

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016) ...............................................................................5, 6

*St. Michael's Emergency Ctr., LLC v. Aetna Health Mgmt., LLC.*,
   No. CV H-08-2336, 2011 WL 12896736 (S.D. Tex. Aug. 22, 2011) ....................................14

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998)..............................................................................................................7

*Terry v. Health Care Serv. Corp.*,
   344 F. Supp. 3d 1314 (W.D. Okla. 2018) ..........................................................................11

*U.S. ex rel Trim v. McKean*,
   31 F. Supp. 2d 1308 (W.D. Okla. 1998) ............................................................................14

*United States v. Martin*,
   555 F. App'x 358 (5 Cir. 2014) ..........................................................................................14

*Ex parte Valley Nat'l Bank*,
   -- So. 3d --, 2019 WL 3050396 (Ala. 2019) .......................................................................11

*Virginia Coll., LLC v. Blackmon*,
   109 So. 3d 1050 (Miss. 2013)..............................................................................................11

*Wasser v. All Market, Inc.*,
   329 F.R.D. 464 (S.D. Fla. 2018)..........................................................................................7

*Wilton v. Seven Falls Co.*,
   515 U.S. 277 (1995).............................................................................................................10

*Yarls v. Bunton*,
   905 F.3d 905 (5th Cir. 2018) ..............................................................................................8

**Statutes**

5 U.S.C. § 553(e) ........................................................................................................................7

28 U.S.C. § 2201 ........................................................................................................................4

28 U.S.C. §2201(a) ....................................................................................................................10

42 U.S.C. §300gg-18 (e).......................................................................................................6, 8, 9

**Other Authorities**

45 C.F.R. §162.1002(a)(5)........................................................................................................14

45 C.F.R. §162.1002(b)(1)........................................................................................................14

45 C.F.R. §162.1002(c)(1)........................................................................................................14

83 F.R. 41144, 41686, Vol. 83, No. 160 ..................................................................................9

Fed. R. Civ. P. 8(a)(2) ...................................................................................................2, 10

Fed. R. Civ. P. 12(b)(1) ...................................................................................................1, 2

Fed. R. Civ. P. 12(b)(6) .......................................................................................................2

Fed. R. Civ. P. 12(b)(6) .......................................................................................................1

U.S. Const.  art. III ....................................................................................................4, 5, 6, 8

U.S. Const. art. III, § 2, cl. 1 ................................................................................................5

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Biloxi H.M.A., LLC d/b/a Merit Health Biloxi ("Merit Health Biloxi") moves to dismiss with prejudice all claims filed by Plaintiff Kimberly Henly ("Plaintiff" or "Henly") for the reasons given below.

## I.        PRELIMINARY STATEMENT

In this purported class-action lawsuit, Plaintiff asserts a single claim for declaratory relief challenging Merit Health Biloxi's disclosure of a "surcharge" charged to patients receiving emergency room treatment.  Far from being an unreasonable surcharge, emergency department facilities fees are standard industry charges for emergency department services and are mandated for billing by the Centers for Medicare & Medicaid Services. Nonetheless, Plaintiff seeks the following declarations on behalf of herself and a putative class: (1) that that Plaintiff and Class members had a right to know about the emergency room's surcharges, and (2) that Merit Health Biloxi owed Plaintiff and Class members a duty to disclose the surcharge in advance of providing treatment.  Seeking no monetary damages, Plaintiff asks this Court for an advisory opinion couched as a request for declaratory relief.

Plaintiff's Complaint must be dismissed for two main reasons. *First*, this Court lacks jurisdiction of this matter under Article III because Plaintiff seeks an advisory opinion from this Court, which it has no authority to issue, and because—without an injury in fact—Plaintiff lacks standing to bring this suit.  Accordingly, the Court lacks subject-matter jurisdiction, and Plaintiff's declaratory-judgment claim should be dismissed under Rule 12(b)(1).

*Second*, Plaintiff entirely fails to state a claim upon which relief may be granted because her Declaratory Judgment claim is not based on any substantive cause of action. Because Plaintiff has not pleaded any claim other than one for declaratory relief, that claim must be dismissed under Rule 12(b)(6).

## II.   LEGAL STANDARD

### A.  Rule 12(b)(1)

A complaint must be dismissed under Federal Rule of Civil Procedure Rule 12(b)(1) for "lack of subject matter jurisdiction" when the court lacks "the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998); Fed. R. Civ. P. 12(b)(1).

### B.  Rule 12(b)(6)

Additionally, a complaint must be dismissed under Federal Rule of Civil Procedure Rule 12(b)(6) for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2)'s notice pleading standard requires a plaintiff to provide the grounds of her entitlement to relief within her complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  She must allege facts that "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.*; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Rule 8's threshold requirements—"that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief'"—ensures that "'a largely groundless claim' [is not] allowed to 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Twombly*, 550 U.S. at 557-58 (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005)). The Supreme Court advocates a strict application of Rule 8 "before allowing a potentially massive factual controversy to proceed[,]" especially in the context of class actions. *Twombly*, 550 U.S. at 558 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528, n. 17 (1983)). Because "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching those proceedings[,]" the Supreme Court recognizes that applying Rule 8 at the

motion to dismiss stage "avoid[s] the potentially enormous expense of discovery in cases with no 'reasonably founded hope that the [discovery] process will reveal relevant evidence'" to support a claim. *Twombly*, 550 U.S. at 559 (quoting *Dura*, 544 U.S. at 347).

### III. STATEMENT OF FACTS

**A. Plaintiff's Emergency Room Visit.**

Plaintiff received emergency medical services at Merit Health Biloxi on May 19, 2018. Doc. 1 at ¶ 17. Plaintiff does not have a single complaint regarding the quality of emergency treatment provided to her, but complains that a charge was assessed for being seen in the emergency room. Plaintiff alleges that Merit Health Biloxi charged her $2,201.75 (prior to her discount) for what Plaintiff describes as an unreasonable, hidden surcharge. *Id.* at ¶¶ 15, 18. Plaintiff acknowledges Merit Health Biloxi applied a sixty-five percent downward adjustment to her total bill of $17,752.47, leaving a balance of $6,213.36. *Id.* at ¶ 18. Plaintiff further admits that the amount of this alleged surcharge was reduced to $770.61 and that she had only paid $1,500 towards the balance at the time of her Complaint. *Id.* at ¶¶ 18-19.

Plaintiff alleges that Merit Health Biloxi charges one of five different surcharges depending on the "patient's condition"—a Basic charge of $589.32, Limited of $1,323.39, Intermediate of $1,840.01, Extensive of $2,377.89, and Major of $3,567.89. *Id.* at ¶ 13. Plaintiff alleges that the surcharge is essentially a "cover charge" for "being seen in one of Merit Health hospital's emergency rooms" and that the surcharge "purportedly covers the 'overhead expenses' incurred by the hospital in operating the emergency room facility." *Id.* at ¶ 1. Plaintiff complains that the charges are not posted on signage in the emergency room or stated verbally at the time of registration. *Id.* at ¶ 17. She further complains that even when the charge is disclosed to the patient on the billing statement, the fee is "hidden" because "a charge for 'ER DEPT EXTENSIV' . . . without explanation, is totally meaningless to an emergency care patient . . . ." *Id.* at ¶ 18.

3

**B. Plaintiff's Proposed Class.**

Plaintiff attempts to bring this action on behalf of herself and all individuals who, within the last three years, have received treatment from a Merit Health hospital in Mississippi[1] and were billed a facility fee with a CPT code of 99218, 99282, 99283, 99284, or 99285 within in the last three years.  Doc. 1 at ¶ 21.

**C. Plaintiff's Lone Cause of Action.**

Plaintiff's only cause of action is a request for a declaratory judgment pursuant to 28 U.S.C. § 2201. Doc. 1 at 10-12. Notably, Plaintiff advises the Court that this statute "should be liberally construed." *Id.* at ¶ 32. In this vein, Plaintiff claims that she and purported class members "are entitled to a declaration" from this Court that (1) "they have a right to know about Defendants' surcharges," and (2) "Defendants owed Plaintiff and Class members a duty to disclose, in advance of providing treatment that would trigger a surcharge, their intention to charge such a surcharge." Doc. 1 at ¶ 31. Plaintiff alleges that the declaration is "necessary and appropriate" because "Plaintiff and the class have been impacted financially" by the surcharge. Doc. 1 at ¶ 33.

## IV.    ARGUMENT

**A. The Court Should Dismiss this Lawsuit under Federal Rule 12(b)(1) for Lack of Subject Matter Jurisdiction because there is no Case or Controversy for the Court to Resolve under Article Three.**

Article III of the United States Constitution limits the jurisdiction of the federal courts to the consideration of "Cases" and "Controversies." *Chafin v. Chafin*, 568 U.S. 165, 171 (2013). Here, Plaintiff claims an "actual controversy exists" because Plaintiff and Defendant allegedly disagree on the law. Plaintiff "contends that she had a right to know about Hospital's surcharges

---

[1] While Plaintiff alleges in a footnote that eight other hospitals in Mississippi are included in this case, Plaintiff does not name these facilities as Defendants in this action, nor have any of these entities been served with process.  Doc. 1 at ¶ 2 n.2.  Thus, they are not parties to this action.

and that Merit Health owes a duty to disclose the existence of and amounts of its surcharges to emergency room patients." Doc. 1 at ¶ 30. The controversy arises, according to Plaintiff, because "Plaintiff is informed and believes . . . that Hospital claims it owes no duty to specifically disclose its surcharges to emergency room patients." Doc. 1 at ¶ 30. Plaintiff does not indicate any communication or example of Merit Health Biloxi making such a claim. A hypothetical disagreement over the applicable duty of care is not sufficient to confer jurisdiction on this Court.

### 1.   Plaintiff seeks an advisory opinion, which this Court lacks authority to grant.

"'[T]he oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions.' The prohibition of advisory opinions is a constitutional limit on the power of the courts." *In re Franchise Servs. of N. Am., Inc.*, 891 F.3d 198, 205 (5th Cir. 2018)) (refusing to answer Bankruptcy's court's request to "opine generally on the legality of 'blocking provisions' and 'golden shares'" and narrowing certified question to address important question of law) (quoting *Flast v. Cohen*, 392 U.S. 83, 96 (1968) and citing U.S. Const. art. III, § 2, cl. 1). Federal courts may not "**decide questions that cannot affect the rights of litigants in the case before them**" or give "opinion[s] advising what the law would be upon a hypothetical state of facts." *Chafin*, 568 U.S. at 172  (emphasis added) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). When a party seeks a ruling that would have no effect on damages but actually seeks "a finding from the Court that would have a preclusive effect in future proceedings[,]" the relief requested is an advisory opinion, which courts are prohibited from issuing. *Caroline Power & Light Co. v. United States*, 115 Fed. Cl. 57, 66 (2014). Congress has already determined that Plaintiff's alleged injury is best resolved through legislation, not litigation. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) ("In this way, the law of Article III standing serves to prevent the judicial process from being used to usurp the powers of the political

branches." (internal quotation marks and ellipses omitted)); 42 U.S.C. §300gg-18 (e) (requiring hospitals to establish and make public a list of standard charges for items and services).

In this case, Plaintiff seeks a ruling from this Court that would not affect the rights of Plaintiff or the potential class, as the declaration requested could not change her responsibility for her hospital bills. Instead Plaintiff seeks a ruling that would have a preclusive effect in future proceedings. This is prohibited.

2. **Plaintiff lacks standing because she cannot establish the prerequisite injury-in-fact.**

The Supreme Court has established an "irreducible constitutional minimum of standing." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Article III requires that "[t]he plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Id.* In other words, Plaintiff bears the constitutional burden to establish (1) "an injury in fact" (2) "that is fairly traceable to the challenged conduct of the defendant." *Spokeo*, 136 S. Ct. at 1547. To establish an injury-in-fact, Plaintiff must show she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548. In the declaratory judgment context, a plaintiff must establish an "actual present harm or a significant possibility of future harm." *Roark & Hardee LP v. City of Austin*, 522 F. 3d 533 (5th Cir. 2008).

 Plaintiff's only request for relief—other than for a declaratory judgment— is for an award of attorney's fees incurred in this action. Doc. 1 at 12. Attorney's fees cannot establish Plaintiff's standing. *See Saucier v. Peoples Bank of Biloxi*, 150 So. 3d 719, 733 (Miss. Ct. App. 2014) (court

"must consider the remedy requested in this litigation" to determine the damages sought by Plaintiff).

> Obviously, . . . a plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit. The litigation must give the plaintiff some other benefit besides reimbursement of costs that are a byproduct of the litigation itself. An "interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim."

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990)); *see also City of San Diego v. Monsanto Co.*, --F. Supp. 3d --, 2018 WL 3818015, at * 10 (D.C. Cal. Aug. 10, 2018). Because Plaintiff has only requested attorney's fees for the costs of this suit, she lacks standing to bring a claim.

Self-inflicted harm does not satisfy the basic standing requirements. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013) ("In other words, respondents cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending.").[2] Under the standing framework, "the Plaintiffs must allege something more than past deception" by Defendants to have standing on behalf of the proposed class. *Wasser v. All Market, Inc.*, 329 F.R.D. 464, 471 (S.D. Fla. 2018). Courts have found that alleged harm is self-inflicted where the allegations show that "the Plaintiffs actually know the truth underlying [the allegedly deceptive] labeling and thus cannot be deceived by it in the future." *Id.* (quoting *Clapper*, 568 U.S. at 402).

---

[2] *Nat'l Family Planning & Reproductive Health Ass'n, Inc. v. Gonzales*, 468 F.3d 826, 831 (D.C. Cir. 2006) ("Here the association has within its grasp an easy means for alleviating the alleged uncertainty. It could inquire of HHS exactly how the agency proposes to resolve any of the conflicts that it claims to spot . . . [T]he association has the right to petition HHS to adopt a rule clarifying the responsibilities of Title X grantees. 5 U.S.C. § 553(e). It has never done so. . . . As the association has chosen to remain in the lurch, it cannot demonstrate an injury sufficient to confer standing."); *Pevsner v. Eastern Air Lines, Inc.*, 493 F.2d 916, 918 (5th Cir. 1974) (where plaintiff charged airfare purchase to credit card that was listed as an overcharge, but overcharge was not reflected in price that airline actually billed to plaintiff's credit card, plaintiff could not manufacture standing by asking credit card to charge overage because "injury would be self-inflicted").

Here, any alleged harm is self-inflicted. Plaintiff failed to request an estimate or list of possible charges before receiving treatment at the emergency room. Further, Plaintiff cannot allege that she will be harmed moving forward because she is now informed of the charges imposed for emergency room services as described in her Complaint. Doc. 1 at ¶¶1, 18. Because Plaintiff has not established an injury in fact, Plaintiff lacks standing to bring this suit.

Further, the allegations regarding the purported class have no bearing on standing. *Singh v. RadioShack Corp.*, 882 F. 3d 137, 151 (5th Cir. 2018) (Article III "standing requirements are equally applicable in class actions. The Supreme Court has said: 'That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class . . . which they purport to represent.'") (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n. 20 (1976)).

### 3.   The relief Plaintiff seeks is Moot.

"A claim generally becomes moot when subsequent events eliminate the controversy between the parties[.]" *Alexander v. Azar*, 370 F. Supp. 3d 302, 331 (D. Conn. 2019) (citing *Chafin v. Chafin*, 568 U.S. at 173) ("There is no case or controversy, and a suit becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (citation omitted); *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018) ("both sides acknowledge that the Louisiana Legislature's recent reallocation of indigent-defense funding has eliminated the practice of putting non-capital defendants on waitlists.  . . . The waitlists were controversial, but that controversy has concluded.").

Here, Plaintiff's claim that there is a conflict between the parties regarding a hospital's duty to disclose fees to emergency room patients is without merit. The Affordable Care Act amended Section 2718(e) of the Public Health Service Act to require all hospitals operating within

the United States to establish and make public a list of the hospital's standard charges for items and services provided by the hospital. *See* 42 U.S.C. §300gg-18(e). The final rule adopted by the Center for Medicare & Medicaid Services ("CMS") clarifies that all hospitals are obligated to publish a list of charges online in the form of a readable chargemaster.. *See* 42 U.S.C. § 300gg-18(e); 83 F.R. 41144, 41686, Vol. 83, No. 160 (Centers for Medicare & Medicaid Servs., Aug. 17, 2018) ("[E]ffective January 1, 2019, we . . . require hospitals to make available a list of their current standard charges via the internet in a machine readable format and to update this information at least annually, or more often as appropriate. . . . [A]dditional future actions that we may take with the guidelines, including enforcement actions, will be addressed in future rulemaking."). Consistent with federal and state law, Merit Health Biloxi already discloses its ChargeMaster online and is available at https://www.merithealthcentral.com/pricing-information and https://www.merithealthcentral.com/Uploads/Public/Documents/charge-masters/1448CDM.csv.   Any relief Plaintiff could arguably seek by way of injunctive or declaratory relief requiring disclosure is already provided for by federal laws and regulations, and Merit Health Biloxi is in compliance. Accordingly, Plaintiff's requested relief is moot.

**B. The Court Should Dismiss this Lawsuit under Federal Rule 12(b)(6) because the Complaint Fails to State a Claim upon which Relief Can Be Granted.**

It is Plaintiff's burden to show that she has alleged some cause of action within her complaint. *See e.g., Hinojosa v. Livingston*, 807 F.3d 657, 684 (5th Cir. 2015) ("While we must view well-pleaded facts in the light most favorable to the plaintiff, this does not discharge the plaintiff's burden to provide the factual information and context necessary to evaluate his complaint."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

At no point does Plaintiff state any cognizable tort claim nor does Plaintiff otherwise claim that Merit Health Biloxi violated any state or federal law. Indeed, Plaintiff avoids pleading any cognizable cause of action by asking this Court to declare that the cause of action *should* exist. Her attempt to do this is futile—she has no injuries and seeks no damages in her complaint. Indeed, even if she were granted leave to amend her complaint, there is no way that she could recover damages. In this case, accepting Plaintiff's allegations as true makes clear that Plaintiff has failed to state a claim to relief. Because she threatens class claims, this Court's careful resolution of the Motion to Dismiss is critical to avoid exponential costs that would ultimately prove unnecessary.[3] Plaintiff has no right to seek the relief she requests from this Court and her Complaint must be dismissed with prejudice.

### 1. The Declaratory Judgment Act does not provide Plaintiff with a right of action.

The Declaratory Judgment Act ("Act") is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). The Fifth Circuit recognizes that the Act, "which authorizes a federal court to 'declare the rights and other legal relations of any interested party seeking such declaration,' is merely a procedural device and ***does not create any substantive rights or causes of action***." *Smitherman v. Bayview Loan Serv., LLC*, 727 F. App'x 787, 792 (5th Cir. 2018) (emphasis added) (citing 28 U.S.C. §2201(a); *Harris Cty. Tex. V. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015); *Okpalobi v. Foster*, 244 F.3d 405, 423 n.31 (5th Cir. 2001) (en banc)).

---

[3] The Supreme Court advocates a strict application of Rule 8 "before allowing a potentially massive factual controversy to proceed[,]" especially in the context of class actions. *Twombly*, 550 U.S. at 558 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528, n. 17 (1983)).

When a plaintiff is unable to assert a viable cause of action upon which to seek declaratory judgment against a defendant, the declaratory judgment claim must be dismissed. *Smitherman*, 727 F. App'x at 792; *see also Terry v. Health Care Serv. Corp.*, 344 F. Supp. 3d 1314, 1323 (W.D. Okla. 2018) ("The Declaratory Judgment Act provides no separate cause of action to enforce federal statutes."); *Levy-Tatum v. Navient Solutions, Inc.*, 183 F. Supp. 3d 701, 709 (E.D. Pa. 2016) (same); *see also Ex parte Valley Nat'l Bank*, -- So. 3d --, 2019 WL 3050396 at *3 (Ala. 2019) (explaining that declaratory judgment actions are ill-suited to resolve tort claims). As discussed below, Plaintiff fails to allege a substantive cause of action upon which her claim for declaratory relief could be based and thus, her claim must be dismissed in its entirety.

**2. Plaintiff has no substantive right of action for a "duty to disclose," and to the extent Plaintiff attempts to plead a tort claim, Plaintiff fails to state a claim as a matter of law.**

In Mississippi a "duty to disclose" can be an element of a claim sounding in tort, but the tort provides no right to relief based on a duty and breach alone.[4] While Mississippi recognizes certain claims sounding in tort that could give a plaintiff a right to recover for nondisclosure, a right to relief requires all elements of a tort claim, and any tort Plaintiff could have possibly alleged fails without damages.[5] It is axiomatic that "a misrepresentation which neither does a plaintiff any

---

[4] To state a claim for negligent misrepresentation, a plaintiff must establish: "(1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons/entities; (4) that the plaintiff reasonably relied upon the misrepresentation or omission; and (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance." *Daniels v. Crocker*, 235 So. 3d 1, 14 (Miss. 2017) (quoting *Saucier v. Peoples Bank of Biloxi*, 150 So.3d 719, 731 (Miss. Ct. App. 2014)). A claim of fraudulent misrepresentation includes: "(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury." *Daniels v. Crocker*, 235 So. 3d 1, 14 (Miss. 2017) (quoting *Virginia Coll., LLC v. Blackmon*, 109 So. 3d 1050, 1054–55 (Miss. 2013)). To state either claim, Plaintiff would need to show she suffered injuries as a proximate result of the alleged nondisclosure.

[5] *See Koury v. Ready*, 911 So. 2d 441 (Miss. 2005) ("alleged failure to disclose does not automatically result in a finding of fraud, as all other elements of fraud must be satisfied in order to support a finding of fraud"); *Palmer v. Biloxi Regional Medical Center, Inc.*, 564 So. 2d 1346 (Miss. 1990) ("Recovery in a negligence action requires

harm nor causes a loss is not actionable." *Koury*, 911 So. 2d at 446 (quoting *McMullan v. Geosouthern Energy Corp.*, 556 So. 2d 1033, 1037 (Miss. 1990)). Plaintiff cannot recover in tort "[a]bsent injury." *Koury v. Ready*, 911 So. 2d 441, 446 (Miss. 2005) ("[a]bsent injury there can be no fraud.") (quoting *General Motors Acceptance Corp. v. Baymon*, 732 So.2d 262, 270 (Miss. 1999)). To determine the damages sought by Plaintiff, a court "must consider the remedy requested in this litigation." *Saucier v. Peoples Bank of Biloxi*, 150 So. 3d 719, 733 (Miss. Ct. App. 2014).

Plaintiff alleges that had she "been informed about the surcharge prior to incurring treatment that would result in a surcharge, [she] would have left and sought less expensive treatment elsewhere." Doc. 1 at ¶ 20.  Even if Plaintiff had inquired about the cost of her emergency room visit, the disclosure of the price alone would not be sufficient for Plaintiff to make a decision about whether to receive emergency medical treatment, because—according to Plaintiff—the description of the charge as "ER DEPT EXTENSIV" is "totally meaningless to an emergency care patient." Doc. 1 at ¶ 18.  Accepting Plaintiff's allegations as true, as we must, the disclosure of the charge could not have been a substantial factor in her decision to obtain emergency medical treatment at Merit Health Biloxi as opposed to some other emergency room, because even if she had known of the amount of the charge, it would still be "totally meaningless" to her as an emergency care patient.

Ultimately, however, even if Plaintiff had shopped around and considered emergency room offerings at other hospitals, neither Plaintiff nor the purported class members could have avoided a surcharge at a different hospital. Although Plaintiff suggests that these fees are somehow improper surcharges, they are, in fact, standard industry codes relating to the costs of providing

---

proof by a preponderance of the evidence of the conventional tort elements: duty, breach of duty, proximate causation, and injury (i.e., damages).").

and maintaining emergency room services and equipment, as well as services provided by non-physician employees of the hospital. [6]

> Since 1966, the American Medical Association ("AMA") has published and updated the Physicians' Current Procedural Terminology ("CPT"). [The] CPT, which is copyrighted and published as a book, contains a listing of descriptive terms and identifying code numbers for the standardized reporting of approximately 7,500 medical services and procedures performed by physicians. The purpose of CPT is to **provide a uniform language that accurately describes medical, surgical, and diagnostic services to facilitate nationwide communications among health care workers, patients, and others.**

*Am. Soc. of Dermatology v. Shalala*, 962 F. Supp. 141, 144 (D.D.C. 1996), aff'd, 116 F.3d 941 (D.C. Cir. 1997) (emphasis added).

According to the American Medical Association, the inclusion of a 5-digit code number in the CPT code set "is based on whether the procedure or service is **consistent with contemporary medical practice and is performed by many practitioners in clinical practice in multiple locations**." Current Procedural Terminology, at xiii (Am. Med. Ass'n, Fourth ed. 2020) (emphasis added). The CPT codes Plaintiff takes issue with are found in the "Evaluation and Management" section, which is the first section in the CPT because it contains codes that "are used by most physicians in reporting a significant portion of their services." *Id.* CPT codes 99281-99285 are "used to report evaluation and management services provided in the emergency department[,]" which is defined as a "hospital based facility for the provision of unscheduled episodic services to patients who present for immediate medical attention" that is available 24 hours a day. *Id.* at 22. CPT codes 99281-99285 represent that "[c]ounseling and/or coordination of care with other

---

[6] This is highlighted by the fact that Plaintiff's attorney has filed nearly identical lawsuits attacking identical "surcharges" across the country. *See Oleary v. HCA Healthcare, Inc.*, 9:19-cv-80647-RKA (S. Fla.), filed on May 15, 2019; *Mock v. St. David's Healthcare Partnership, L.P., LLP*, 1:19-cv-00611-RP (W.Tex.), filed on June 13, 2019; *De Leon v. North Texas Division, Inc.*, 3:19-cv-01574-N (N. Tex.) filed on June 28, 2019; *Hauser v. Steward Melbourne Hospital, Inc.*, 6:19-cv-01150-CEM-EJK (M. Fla.), removed to federal court on June 21, 2019; *Bradford v. Kadlec Regional Medical Center*, 4:19-cv-05076-SMJ (E. Wash.), removed to federal court on April 19, 2019; *Strong v. Texas Health Resources*, 4:19-cv-00661-P (N. Tex.), filed on August 22, 2019.

physicians, other qualified health care professionals, or agencies are provided consistent with the nature of the problem(s) and the patient's and/or family's needs."[7] *Id.* at 22-23.[8] *Id.*; *see also U.S. ex rel Trim v. McKean*, 31 F. Supp. 2d 1308, 1310 (W.D. Okla. 1998).

Far from being an unreasonable, hidden surcharge, these are the standard, authorized CPT codes approved, and indeed required, by public and private payors for billing emergency department services.[9] The alleged emergency room surcharge is merely a charge assessed to a patient for services provided by the hospital.

---

[7] Counseling is a discussion with a patient and/or family concerning: diagnostic results, prognosis, risks and benefits of treatment options, instructions for treatment, importance of compliance with treatment, risk factor reduction, and or patient and family education. However, each code level should be applied based on a different set of factors and is assessed according to the severity of the patient's problems. *Id.* at 6.

[8] For example: 99281  indicates "the presenting problem(s) are self limited or minor;" 99282 indicates "the presenting problem(s) are of low to moderate severity;" 99283 indicates problems "of moderate severity;" 99284 indicates problems "of high severity, and require urgent evaluation by the physician, physicians, or other qualified health care professionals but do not pose an immediate significant threat to life or physiologic function;" 99285 indicates problems of "high severity and pose an immediate significant threat to life or physiologic function." *Id.*

[9] *See* 45 C.F.R. §162.1002(a)(5), (b)(1), (c)(1) (adopting AMA's CPT code sets regarding physician services and other health care services for covered transactions under HIPAA); *Hooper v. UnitedHealthcare Ins. Co.*, 694 F. App'x 902, 910 (4th Cir. 2017) (administrator entitled to rely on CPT Codes as a "well-established industry standard for procedure classification and medical billing" when determining coverage for procedure under plan terms); United States v. Martin, 555 F. App'x 358, 361 (5 Cir. 2014) ("Billing to Blue Cross was based on current procedural technology ('CPT') codes. CPT codes were developed by the American Medical Association, and consist of five-digit codes that represent a specific service provided by the biller. Each claim included information about the patient, the insured, and the services provided."); *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1158 (9th Cir. 2011) (noting that "the CPT had become an industry standard" by 1997); *Newport News Shipbuilding & Dry Dock Co. v. Loxley*, 934 F.2d 511, 513 n.2 (4th Cir. 1991) (noting that the CPT "coding system is the most widely accepted nomenclature for the reporting of physician procedures and services under government and private health insurance programs") (internal quotation marks omitted); *United States ex rel. Riedel v. Bos. Heart Diagnostics Corp.*, 332 F. Supp. 3d 48, 57 (D.D.C. 2018) ("When submitting claims for payment . . . healthcare service providers . . . use standard billing forms[,] . . . [which] use numeric codes to describe the medical services for which the provider seeks payment. Federal regulations, specifically 45 C.F.R. § 162.1002(a)(5), (b)(1), designate the American Medical Association's Current Procedural Terminology ('CPT') and the Centers for Medicare & Medicaid Services Common Procedure Coding System ('HCPCS') as the standard codes to be used for physician services and other health care services.") (quoting *Ass'n of N.J. Chiropractors v. Aetna, Inc.*, No. 09-3761 (JAP), 2012 WL 1638166, at *1 (D.N.J. May 8, 2012)); *St. Michael's Emergency Ctr., LLC v. Aetna Health Mgmt., LLC.*, No. CV H-08-2336, 2011 WL 12896736, at *2, 13 (S.D. Tex. Aug. 22, 2011) (noting Codes 99281–99285 are used for billing emergency department services provided by hospital-based facilities); see also Franklin Collection Serv., Inc. v. Kyle, 955 So. 2d 284, 290 (Miss. 2007) (discussing CPT codes and amounts charged for same on itemized bill and holding they were subject to protection under Mississippi's physician-patient privilege statute).

Further, Plaintiff cannot show she was physically damaged by the imposition of a facility fee. Far from being damaged, Plaintiff was provided medical care and treated for her emergency medical needs. While Plaintiff lambasts the surcharge as a fee imposed on patients for Merit Health Biloxi's overhead costs incurred "in operating the emergency room facility[,]" she does not dispute that Merit Health Biloxi incurred overhead costs "in operating the emergency room facility." *See* Doc. 1 at ¶ 1. And while Plaintiff criticizes the surcharge as a fee for being "seen in one of Merit Health hospital's emergency rooms[,]" she does not dispute that she was in fact "seen in one of Merit Health hospital's emergency rooms" for which the fee was allegedly imposed. *See Id.* at ¶ 1. Regardless of whether she disagrees with the cost of the fee or the value of the services rendered, she has not—and cannot—claim she was charged a fee for nothing.[10]

Notwithstanding the arguments above, Plaintiff also cannot show that she was financially damaged as a matter of law. A plaintiff cannot state a claim based on nondisclosure as a matter of law if, as a result of the same business transaction, the plaintiff otherwise owes defendant the amount of alleged damages from nondisclosure. *Koury*, 911 So. 2d at 446 ("[I]f account receivables and 'net bad debts' were" calculated correctly at trial court "Ready would have actually owed Koury $3,871.96. The alleged failure of Koury to disclose accounts receivable to Ready caused no injury as Ready actually owed $3,871.96 to Koury. Because Ready owed Koury, Ready was not injured from this nondisclosure."). In this case, accepting Plaintiff's allegations as true,

---

[10] "[T]he fact that a party pays more for something than it is worth does not in itself give rise to a cause of action." *Smith v. Catamaran Health Solutions, LLC*, 205 F. Supp. 3d 699, 709 (D.S.C. 2016) (citing *Ryan v. Weiner*, 610 A.2d 1377, 1381 (Del.Ch.1992) ("It is [the] general rule, recited by courts for well over a century, that the adequacy or fairness of the consideration that adduces a promise or a transfer is not alone grounds for a court to refuse to enforce a promise or to give effect to a transfer."); *F.D.I.C. v. Hartford Acc. & Indem. Co.*, 97 F.3d 1148, 1151 (8th Cir.1996) ("A court must not impose its own concept of fairness under the guise of construing a contract."); *see also Atkinson v. Belser*, 273 S.C. 296, 255 S.E.2d 852, 855 (1979) ("Inadequate consideration is not a ground for rescission of a deed unless it is 'so palpably disproportioned to the real and market value of the property as to constitute an unconscionable contract.' " (quoting *Holly Hill Lumber Co., Inc. v. McCoy*, 201 S.C. 427, 23 S.E.2d 372, 380 (1942))).

Plaintiff still owes Merit Health Biloxi more than twice the amount of the alleged surcharge. *See* Doc. 1 at ¶ 19.[11]

Plaintiff fails to allege any cause of action against Merit Health Biloxi recognized by Mississippi law. Even if Plaintiff were granted leave to amend her complaint, it would be futile. Plaintiff is unable to show damages as a matter of law.

## V.    CONCLUSION

Plaintiff's factual allegations are insufficient to state a claim upon which this Court may grant relief. They are sufficient, however, to determine that there is no case or controversy for this Court to resolve. This Court should dismiss this case with prejudice because it lacks subject matter jurisdiction to issue an advisory opinion and Plaintiff lacks standing as a matter of law. This Court may dismiss this Complaint for the additional reason that Plaintiff seeks only declaratory judgment on an issue that is not based upon a substantive right of action.

Respectfully submitted, this the 16th day of October, 2019.

*/s/ Jeffrey R. Blackwood*
Jeffrey R. Blackwood (MS Bar #10613)
Alicia N. Netterville (MS Bar #105055)
Christina M. Seanor (MS Bar #104934)

*ATTORNEYS FOR DEFENDANT BILOXI H.M.A., LLC*
*D/B/A/ MERIT HEALTH BILOXI*

---

[11] When a party claims damages from a misrepresentation, there is no recoverable injury and consequently no right of action if the defendant refunds the amount of money allegedly exchanged in reliance of the misrepresentation. *Kinney v. Catholic Diocese of Biloxi*, Inc., 142 So. 3d 407, 419 (Miss. 2014). In the matter at hand, even if Plaintiff subsequently pays the entire outstanding balance of the alleged bill, Plaintiff's invoice has already been refunded the full value of the allegedly undisclosed, $2,201.75 surcharge because Merit Health Biloxi *discounted the entire bill by more than five times the value of alleged surcharge*. Doc. 1 at ¶ 18. Plaintiff cannot claim (nor does she attempt to allege) that she suffered any kind of monetary damage as a result of her ignorance of a fee that Merit Health Biloxi charges for patients to be seen in the emergency room.

4845-1189-2137.5

OF COUNSEL:

BRADLEY ARANT BOULT CUMMINGS, LLP
Suite 1000, One Jackson Place
188 East Capitol Street
Post Office Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
jblackwood@bradley.com
anetterville@bradley.com
cseanor@bradley.com