# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**KIMBERLY HENLEY, on behalf of herself and all others similarly situated**　　　　　　　　　　　　　　　　　PLAINTIFF

**v.**　　　　　　　　　　　　　　　　CIVIL NO. 1:19cv544-HSO-JCG

**BILOXI H.M.A., LLC; COMMUNITY HEALTH SYSTEMS, INC.; and JOHN AND JANE DOES 1 THROUGH 25**　　　　　　　　DEFENDANTS

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF KIMBERLY HENLEY'S PLACEHOLDER MOTION [2] FOR CLASS CERTIFICATION

BEFORE THE COURT is Plaintiff Kimberly Henley's Placeholder Motion [2] for Class Certification filed on August 28, 2019. Defendants Biloxi H.M.A., LLC, Community Health Systems, Inc., and John and Jane Does 1 through 25 filed a Response [19] on November 15, 2019, to which Plaintiff replied on November 21, 2019. After review of the Motion, the record, and relevant legal authority, the Court finds that the Placeholder Motion [2] for Class Certification is premature under Local Uniform Civil Rule 23. For this reason, the Motion should be denied without prejudice and Plaintiff should be given leave to reassert a motion for class certification at the time directed by the case management order.

## I. BACKGROUND

Plaintiff Kimberly Henley ("Henley") filed the Complaint in this case on August 27, 2019, asserting a single claim for declaratory relief. Compl. [1].

1

Specifically, she sought a finding that Defendants Biloxi H.M.A., LLC d/b/a Merit Health Biloxi, Community Health Systems, Inc., and John and Jane Does 1 Through 25 (collectively "Defendants") owed a duty to disclose a surcharge that is billed to emergency care patients in advance of receiving treatment or services that would trigger such a charge. *Id.* at 11.

On August 28, 2019, Henley filed the present Placeholder Motion [2] for Class Certification. She requests that the Court certify a class in accordance with Federal Rule of Civil Procedure 23 on behalf of herself and all other persons similarly situated. Placeholder Mot. for Class Certification [2] at 1. Plaintiff proposes a class of

> All individuals who, within the past three years, presented at a Merit Health hospital in Mississippi and were billed a facility fee identify [sic] with the CPT Code of 99281, 99282, 99283, 99284, or 99285.

*Id.* at 3.

Federal Rule of Civil Procedure 23 sets forth four requirements for class certification: (1) the class must be so numerous that joinder of all members is impracticable; (2) there must be questions of law or fact common to the class; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23.

Henley asserts that the first requirement of numerosity is satisfied because "over 155,000 patients visited the emergency departments of Merit Health's six hospitals in the Jackson/Vicksburg area in the year 2016 alone." Placeholder Mot.

2

for Class Certification [2] at 3.  She alleges that Defendants' standard practice was to bill emergency room patients in Mississippi a hidden surcharge set at one of five levels based upon the patient's condition.  *Id.*  Henley's Motion contends that the common and shared issues of the class were whether Defendants had a duty to disclose the surcharge prior to providing the treatment and services that would trigger the charge.  *Id.*  Henley maintains that the requirement of typicality is also present because she "was an emergency room patient who received treatment at one of Defendants' emergency room facilities and who was billed a Surcharge in addition to the charges for the individual items of treatment and services provided during her visit."  *Id.* at 3-4.  Finally, Henley reasons that she and her counsel can adequately represent the class because of "the interest shown by Plaintiff and her legal representatives who have substantial class action litigation experience."  *Id.* at 4.

However, Henley's Motion also requests that the Court "continue the instant motion until a discovery schedule and briefing deadlines are established by the Court in connection with the parties' submission of a proposed case management order."  *Id.*  Citing a decision by the United States Court of Appeals for the Seventh Circuit, Henley asserts that a placeholder motion was necessary to protect the putative class from any attempt by Defendants to "buy off the named plaintiffs" and moot the class.  *Id.* at 2.  Henley asks that the merits of her Motion not be considered by the Court until there has been an opportunity to complete discovery on class issues and file supplemental briefing.  *Id.* at 2.

3

Defendants' Response in Opposition contends that Henley's Placeholder Motion for Class Certification should be denied without prejudice as unnecessary and premature. Resp. in Opp'n [19] at 2. Defendants argue that pursuant to Local Uniform Civil Rule 23 ("Local Rule 23"), Henley should have waited to file her Motion for Class Certification until after the entry of a case management order. *Id.* at 3. Because Local Rule 23 sets forth the time for filing a class certification motion, Defendants maintain that Henley's Placeholder Motion was unnecessary. *Id.* at 4. Further, according to Defendants, the rationale Henley advances for the risk that the claims may become moot is belied by United States Supreme Court precedent. *Id.* at 5.

In reply, Henley contends that the Motion for Class Certification should be granted on the merits. Reply [24] at 2-6.

## II. ANALYSIS

A.  Henley's Motion is premature under Local Rule 23.

Local Rule 23 states in pertinent part that:

> In all civil actions filed as class actions, the class plaintiff must, at a time directed by the case management order, move for a FED. R. CIV. P. 23 class determination.

L. U. Civ. R. 23.

When Henley filed her Placeholder Motion, no case management order had been entered in the case. Henley acknowledges that her Motion was filed prior to a discovery schedule being issued and briefing deadlines being established, Placeholder Mot. for Class Certification [2] at 1, but she

4

specifically requests that "the Court continue the instant motion" until these deadlines are set, *id*. Henley further asks the Court to not consider the merits of her Motion until there has been an opportunity to complete discovery on class issues and submit supplemental briefing. *Id.* at 2.

Henley's Motion does not comply with Local Rule 23 and is premature. In her initial filing, Henley agrees that this Court should wait to consider the merits of the Motion until discovery on class issues and supplemental briefing is complete. *Id.* at 2. Under Local Rule 23, Henley's Motion for Class Certification was filed too early, as a case management order has yet to be entered in this case.

Henley asserts that filing her Placeholder Motion was necessary to prevent Defendants from "buying off" Henley in an effort to moot the representative claims. Placeholder Mot. for Class Certification [2] at 1-2. To support the proposition that a placeholder motion may be filed for this reason, Henley relies upon the Seventh Circuit's ruling that "[c]lass action plaintiffs can move to certify the class at the same time they file their complaint . . . then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation." *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011), overruled by *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015).

The rule in *Damasco* arose out of a Seventh Circuit holding that a defendant can render moot a possible class action by offering to settle for the full amount of the plaintiff's demand before the plaintiff files a motion for class certification. *Id.*

5

(explaining the Seventh Circuit rule established in *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994)). The Fifth Circuit has declined to adopt this rule and has held instead that "[a] plaintiff seeking to represent a class should be permitted to accept an offer of judgment on her individual claims under Rule 68, receive her requested individual relief, and have the case dismissed, or reject the offer and proceed with the class action." *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 315 (5th Cir. 2015). Even if this were not the rule in the Fifth Circuit, the possibility that a defendant could avoid suit in this way is foreclosed by the Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), as revised (Feb. 9, 2016), holding that an unaccepted offer of judgment under Rule 68 cannot moot a case. *Campbell-Ewald Co.*, 136 S. Ct. at 670. Furthermore, the Seventh Circuit itself has expressly overruled *Damasco* and the rule that an unaccepted settlement offer in a class action may moot a case. *Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015).

Based upon Fifth Circuit precedent and the Supreme Court's ruling in *Campbell-Ewald Co.*, there is no risk that Henley's fear of Defendants mooting the class action in this way will come to fruition. While Henley states that the specific facts in *Campbell-Ewald Co.* are different from those here, she has not expanded upon how the facts differ. Reply [24] at 4. After a review of *Campbell-Ewald Co.*, the Court is aware of no reason why that case's holding would not apply here should Defendants attempt to moot the case by "buying off" or "picking off" the named plaintiff as Henley fears. Further, Local Rule 23 sets the appropriate time to file a

6

motion for class certification and does not contemplate the filing of a placeholder motion.

As such, the Court finds that the Motion is premature under Local Rule 23 and should be denied as such, with leave to refile at the time directed by the case management order.

B. <u>The Court should defer a ruling on the merits of Henley's Motion until the entry of a case management order and Defendants are given an opportunity to respond.</u>

Henley requests for the first time in her Reply that the Court grant her Motion for Class Certification on the merits without discovery on class issues. Reply [24] at 1-2. Prior to filing her Reply, Henley had requested that the Court "reserve ruling on Plaintiff's Motion for Class Certification." Placeholder Mot. for Class Certification [2] at 4. She sought only to have a class certified "after full briefing of the issues presented herein." *Id.* While Henley outlined her class certification arguments in her initial Motion, she expressly stated that she was not asking the Court for a ruling on the merits and wished to proceed with further discovery. *Id.*

In Henley's Reply, she characterizes the briefing that has since transpired as placing before the Court the question of whether class certification is appropriate. Reply [24] at 4. Henley posits that class certification should be granted because Defendants offered "no reason or even suggestion as to why a Class should *not* be certified in this action, and it does not identify any specific discovery it contends is necessary to enable Defendant to adequately oppose Class certification." *Id.*

7

(emphasis in original). Henley further asserts that the requirements for class certification are easily met and that the class can be decertified if facts arise showing class certification is inappropriate. *Id.* at 2-6.

Understandably, Defendants did not respond to the merits of certifying Henley's proposed class, as she made it clear in her initial Motion that she was not requesting a decision on the merits. Thus, Defendants limited their Response to the propriety of filing a placeholder motion, *see* Resp. in Opp'n [19], and their lack of response to the merits of Henley's class certification argument in her Reply does not amount to a confession.

Independent of the lack of response from Defendants on the merits, the Fifth Circuit has made it clear that "in most cases a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action." *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982) (internal quotations omitted). There has been no discovery conducted in this case. While Henley asserts in her Reply that none is needed due to the simplicity of the case, Reply [24] at 3, this is in tension with her initial request for discovery on class issues, Placeholder Mot. for Class Certification [2] at 4. Given these conflicting positions on whether or not discovery is necessary, the Court should defer judgment until after a case management order has been entered. At that time, the parties will have had an opportunity to discuss the scope of discovery necessary on class issues.

In addition, there is a pending Motion to Dismiss which is based in part on Henley's purported lack of standing. Def. Biloxi H.M.A., LLC's Mem. in Supp. [13]

at 14-15. Because the Motion to Dismiss is based in part on Henley's lack of standing as an individual plaintiff, the Court should first consider Defendant Biloxi H.M.A., LLC's Motion to Dismiss before addressing the question of class certification. Plaintiff's Placeholder Motion for Class Certification will be denied, with leave to reassert at the time specified in the case management order.

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Kimberly Henley's Motion [2] for Class Certification is **DENIED WITHOUT PREJUDICE**, with leave to reassert at the time specified in the case management order.

**SO ORDERED AND ADJUDGED**, this the 3rd day of January, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE